# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**ERNEST MORRIS,**                                     **CASE NO.:**

    **Plaintiff,**

**v.**

**BILLY WOODS in his official capacity
as SHERIFF, MARION COUNTY, Florida,
and ZACHARY ELLIOTT, individually,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, ERNEST MORRIS, hereby sues Defendant, BILLY WOODS in his official capacity as SHERIFF, MARION COUNTY, Florida, and ZACHARY ELLIOTT, individually, and alleges:

## NATURE OF THE ACTION

1. This is a civil action seeking monetary damages, declaratory judgment, and legal, equitable, and injunctive relief against Defendant. This is an action brought under the common law of the State of Florida and the Fourth Amendment to the United States Constitution through 42 U.S.C. §1983. Attorneys fees are sought under 42 U.S.C. §1988.

2. This is an action involving claims which are, individually, in excess of Seventy Five Thousand Dollars ($75,000.00).

## PARTIES

3. At all times pertinent hereto, Plaintiff, ERNEST MORRIS, has been a resident of MARION, County, FL. He is *sui juris*.

4. At all times pertinent hereto, Defendant, BILLY WOODS in his official capacity as SHERIFF, MARION COUNTY, Florida, (hereinafter "SHERIFF") has been organized and existing under the laws of Florida as a law enforcement agency known as the MARION COUNTY SHERIFF'S OFFICE ("MCSO") and is located in MARION COUNTY, Florida.

5. At all times pertinent hereto, Defendant, ZACHARY ELLIOT, individually, was a resident of the State of Florida and was employed by Defendant SHERIFF, as a DETECTIVE. He is *sui juris*.

## CONDITIONS PRECEDENT

6. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

7. On or about March 17, 2024, Plaintiff was experiencing a mental health crisis. Emergency services were contacted with the expectation that Plaintiff would

receive medical evaluation and assistance, potentially under the provisions of the Baker Act.

8.    When deputies from the Marion County Sheriff's Office arrived on the scene, Plaintiff initially fled in a state of distress but returned voluntarily a few minutes later. Upon returning, Plaintiff was approached by Detective Elliott, who instructed Plaintiff to stop walking. Plaintiff complied and raised his hands in a clear gesture of surrender. Despite Plaintiff's non-threatening posture and visible compliance, Deputy Elliott ordered him to get on the ground. Plaintiff remained standing with his hands raised, posing no threat. Without attempting to de-escalate the situation or await the arrival of medical personnel, Deputy Elliott deployed his taser on Plaintiff. As a result, Plaintiff fell backward onto the pavement, sustaining serious injuries including a broken back and spinal damage.

9.    Plaintiff repeatedly informed Deputy Elliott that he was in severe pain. Despite Plaintiff's statements that he could not move or feel his legs, Elliott ordered him to roll over. When Plaintiff explained that he was physically unable to do so, Deputy Elliott forcibly flipped Plaintiff onto his back and placed him in handcuffs. At no point was Plaintiff under arrest, nor had he committed any crime that would justify the use of restraints.

10.    When Marion County EMS personnel arrived on the scene, Plaintiff again stated that he could not feel his body. Nevertheless, instead of following

standard medical protocol for suspected spinal trauma—including the use of a spine board or cervical immobilization—Marion County EMS personnel, with the assistance of Elliott, lifted Plaintiff by his arms and forcefully placed him onto an ambulance stretcher. This action was grossly negligent, exacerbated Plaintiff's injuries, and demonstrated a reckless disregard for his safety and well-being.

11.    Plaintiff remained in handcuffs throughout transport and upon arrival at the hospital, despite his visible injuries and lack of any criminal charges. It was only after hospital staff intervened and demanded their removal that the Marion County deputy complied. Upon examination, medical professionals determined that Plaintiff had sustained serious spinal injuries as a direct result of the actions taken by members of the Marion County Sheriff's Office and Marion County EMS. Plaintiff required emergency spinal surgery to address the damage caused.

12.    At no time did Plaintiff commit a crime or engage in any conduct that would justify an arrest. There were no exigent circumstances warranting the use of force or detention, and no charges were ever filed against Plaintiff. The force used by Elliott was excessive and constituted battery. Furthermore, the conduct of all Defendants named herein demonstrated deliberate indifference and negligence in providing appropriate care, resulting in significant and avoidable harm to Plaintiff.

13.    As a direct result of Defendant's actions, Plaintiff has been rendered permanently disabled. Plaintiff continues to experience severe numbness on the left

side of his body because of permanent nerve damage. Plaintiff is in constant pain and suffers from stability issues in his left leg, which causes him to lose balance and struggle while walking.

14.    Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

**COUNT I**
**COMMON LAW NEGLIGENCE**
**(Against Defendant SHERIFF)**

15.    Paragraphs 1 through 14 are re-alleged and incorporated herein by reference.

16.    This count sets forth a claim against Defendant SHERIFF for common law negligence. Defendant SHERIFF knew or should have known that Plaintiff was within a zone of risk related to contact with its agents/employees.

17.    Defendant SHERIFF owed a duty of care to Plaintiff due to the nature of the relationship between Plaintiff and Defendant SHERIFF and/or Defendant SHERIFF had a special relationship with Plaintiff and, consequently, a duty of care was attendant thereto. Alternatively, legal duties devolved upon Defendant SHERIFF because Plaintiff was in the foreseeable zone of risk to be harmed by the actions thereof.

18.    Defendant SHERIFF's duty of care is reinforced by statutory standards for taser use. Florida Statute §943.1717 establishes specific requirements for when

5

law enforcement officers may deploy dart-firing stun guns, requiring a subject to have the apparent ability to physically threaten the officer or others or preparing or attempting to flee or escape Fla. Stat. § 943.1717(1). The Sheriff has a duty to ensure his deputies are properly trained in and complied with these statutory standards, which he failed to do.

19.    Defendant SHERIFF further breached its duty to properly supervise its employee and agents, to ensure the safety of the Plaintiff and/or to properly investigate the circumstances of tortious activity.

20.    The actions of Defendant SHERIFF and a complained of herein were "operational" functions, i.e., functions that were not necessary to or inherent in policymaking or planning, that merely reflected secondary decisions as to how policies or plans were to be implemented.

21.    As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, loss of capacity for the enjoyment of life, lost wages, lost capacity to work, bodily injury, embarrassment, humiliation, loss of reputation, bodily injury, and other tangible and intangible damages.  These damages have occurred in the past, occur at present, and will most likely occur in the future.

**COUNT II**
**NEGLIGENT SUPERVISION**
**(Against Defendant SHERIFF)**

22.    Paragraphs 1 through 14 are re-alleged and incorporated herein by reference.  This Count is pled in the alternative.

23.    This count sets forth a claim against Defendant SHERIFF for negligent supervision.

24.    Defendant SHERIFF's duty of care is reinforced by statutory standards for taser use. Florida Statute §943.1717 establishes specific requirements for when law enforcement officers may deploy dart-firing stun guns, requiring a subject to have the apparent ability to physically threaten the officer or others or preparing or attempting to flee or escape Fla. Stat. § 943.1717(1). The Sheriff has a duty to ensure his deputies are properly trained in and comply with these statutory standards.

25.    Defendant SHERIFF breached its duty to properly supervise Defendant ELLIOT and other officers, employees, and agents. To wit, Defendant ELLIOT was able to tase Plaintiff without cause without any supervisors noticing.

26.    The breach of this duty to properly supervise Defendant ELLIOT and other employees and agents resulted in damages and injury to Plaintiff.  Defendant SHERIFF knew or should have known that the actions, omissions, and derelictions of officers, employees, and agents could cause injury to Plaintiff.

27. Defendant SHERIFF breached its duties supervise its employees and agents while on duty and take appropriate disciplinary actions against said employees and agents.

28. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, loss of capacity for the enjoyment of life, lost wages, lost capacity to work, bodily injury, embarrassment, humiliation, loss of reputation, and other tangible and intangible damages. These damages have occurred in the past, occur at present, and will most likely occur in the future.

**COUNT III**
**FALSE ARREST/IMPRISONMENT UNDER STATE LAW**
**(Against Defendant ELLIOT)**

29. Paragraphs 1 through 14 are re-alleged and incorporated herein by reference.

30. This count sets forth a claim against Defendant ELLIOTT for false imprisonment/false arrest under the common law of the State of Florida. Count III is pled in the alternative to Count IV.

31. For purposes of this count, the actions by Defendant ELLIOTT were committed outside the course and scope of his employment with Defendant SHERRIF.

32. Plaintiff is entitled to relief against Defendant in that Defendant intentionally and unlawfully detained and restrained Plaintiff against his will,

8

deprived Plaintiff of his liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time.

33.    This unlawful restraint of Plaintiff's liberty was also accomplished by Defendant confining Plaintiff to an area in which Plaintiff did not wish to be confined and by compelling Plaintiff to go where he did not wish to go.

34.    Plaintiff was further restrained by Defendant's use of coercive words, threats of force as well as actual force, and immediate means of coercion against Plaintiff so that Plaintiff was restrained and deprived of liberty.  Defendant caused Plaintiff to be restrained without any justification.

35.    At all times material to this action, and at all times during which Plaintiff was being unlawfully restrained, Plaintiff was restrained against his will and without consent, so that Plaintiff was not free to leave his place of confinement. Defendant acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

36.    As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, loss of capacity for the enjoyment of life, lost wages, lost capacity to work, bodily injury, embarrassment, humiliation, loss of reputation, and other tangible and intangible damages.  These damages have occurred in the past, occur at present, and will most

likely occur in the future.  Plaintiff is entitled to punitive damages against Defendant ELLIOTT.

**COUNT IV**
**FALSE ARREST/IMPRISONMENT UNDER STATE LAW**
**(Against Defendant SHERIFF)**

37.    Paragraphs 1 through 14 are re-alleged and incorporated herein by reference.

38.    This count sets forth a claim against Defendant SHERIFF for false imprisonment/false arrest under the common law of the State of Florida.  Count IV is pled in the alternative to Count III.

39.    For purposes of this count, the actions by the officers, employees and agents of Defendant SHERIFF, including without limitation Defendant ELLIOTT, were committed within the course and scope of their employment with Defendant SHERIFF.

40.    Plaintiff is entitled to relief against Defendant SHERIFF in that through his officers, employees and agents, it intentionally and unlawfully detained and restrained Plaintiff against his will, deprived Plaintiff of his liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time.

41. This unlawful restraint of Plaintiff's liberty was also accomplished by Defendant confining Plaintiff to an area in which Plaintiff did not wish to be confined and by compelling Plaintiff to go where he did not wish to go.

42. Plaintiff was further restrained by Defendant SHERIFF, through his officers', agents', and employees' use of coercive words, threats of force and immediate means of coercion against Plaintiff so that Plaintiff was restrained and deprived of liberty. Defendant restrained Plaintiff without any justification. Defendant SHERIFF ratified the misconduct of his officers, employees and agents in that it was aware of their misconduct and sanctioned their decisions.

43. At all times material to this action, and at all times during which Plaintiff was being unlawfully restrained, Plaintiff was restrained against his will and without consent, so that Plaintiff was not free to leave his place of confinement. Defendant SHERIFF, through his officers, employees and agents, acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights or safety.

44. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, loss of capacity for the enjoyment of life, lost wages, lost capacity to work, bodily injury, embarrassment, humiliation, loss of reputation, and other tangible and intangible

damages.  These damages have occurred in the past, occur at present, and will most likely occur in the future.

## COUNT V
## BATTERY
### (Against Defendant ELLIOTT)

45.    Paragraphs 1 through 14 are realleged and incorporated herein by reference.

46.    This count sets forth claims against the Individual Defendant for common law battery.  This count is pled in the alternative, and for the purposes of this count alone, Defendant ELLIOTT was acting outside the course and scope of employment with Defendant MCSO.

47.    Plaintiff is entitled to relief against Defendant ELLIOTT in that Defendant, without justification or Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner.  Defendant intended to batter the Plaintiff.  This unlawful touching of Plaintiff was also accomplished by Defendant without any justification.  Defendant intended to cause harm to Plaintiff and/or knew or should have known there was substantial certainty that harm would occur.

48.    Defendant ELLIOTT acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

49.    As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering,

loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

**COUNT VI**
**BATTERY**
**(Against Defendant SHERIFF)**

50. Paragraphs 1 through 14 are realleged and incorporated herein by reference.

51. This count sets forth a claim against Defendant SHERIFF for common law battery. For the purpose of this Count alone, Defendant ELLIOTT was acting inside the course and scope of employment with Defendant SHERIFF.

52. Plaintiff is entitled to relief against Defendant SHERIFF in that through its officers, employees and agents, Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner, in Defendant ELLIOTT battered Plaintiff, hit him and caused Plaintiff to sustain injuries. Defendant SHERIFF, through its agents and/or employees, intended to hit, push and otherwise batter Plaintiff. This unlawful touching was also accomplished by Defendant SHERIFF, through its agents' and/or employees' touching or contact with Plaintiff without any justification and in the absence of cause to touch or contact

13

Plaintiff. Defendant SHERIFF intended to cause harm to Plaintiff or knew or should've known there was substantial certainty that harm would occur.

53. Defendant SHERIFF conducted no independent investigation into whether any criminal conduct had occurred. Defendant SHERIFF ratified the misconduct of its officers, employees and/or agents in that it was aware of their misconduct and sanctioned their decisions.

54. The actions by Defendant ELLIOTT were committed as an agent of Defendant SHERIFF and were committed within the course and scope of his employment/agency with Defendant SHERIFF.

55. As a direct and proximate cause of Defendant SHERIFF's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

**COUNT VII**
**ASSAULT**
**(Against Defendant ELLIOTT)**

56. Paragraphs 1 through 14 are re-alleged and incorporated herein by reference.

14

57.    This is an action against Defendant ELLIOTT.  This Count is pled in the alternative and ELLIOTT was acting outside the course and scope of his employment with Defendant SHERIFF at the time of the incident complained of for purposes of this Count alone.

58.    Defendant intentionally and unlawfully offered corporal injury to Plaintiff by force or exertion of force directed toward Plaintiff.

59.    Defendant created a reasonable fear of imminent peril through the affirmative act   of raising his hand as though he was about to strike Plaintiff.

60.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to punitive damages.

**COUNT VIII**
**ASSAULT**
**(Against Defendant SHERIFF)**

61.    Paragraphs 1 through 14 are re-alleged and incorporated herein by reference.

62.     This is an action against Defendant SHERIFF.  This Count is pled in the alternative and for purposes of this count alone, Defendant ELLIOTT was acting inside the course and scope of employment with Defendant SHERIFF.

63.     Defendant, through its agent Defendant ELLIOTT, intentionally and unlawfully applied corporal injury to Plaintiff by force, or exertion of force directed toward Plaintiff.

64.     Defendant created a reasonable fear of imminent peril through the affirmative act of raising his hand as though he was about to strike Plaintiff.

65.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to punitive damages.

## COUNT IX
## FOURTH AMENDMENT VIOLATION-EXCESSIVE FORCE
### (Against ELLIOTT)

66.     Plaintiff re-alleges paragraphs 1 through 14 above and incorporates those allegations in this Count. This count is pled in the alternative.

67. This count sets forth a claim against Defendants for violation of the Fourth and Fourteenth Amendments of the U.S. Constitution, based on excessive force, which claims are brought through 42 U.S.C. §1983.

68. Defendant ELLIOTT used excessive force against Plaintiff, as set forth in part above, without justification, consent, cause or lawful authority.

69. Defendant ELLIOTT intended to damage Plaintiff, in that their harmful acts were purposeful, and also in that such acts were substantially certain to result in injury and harm.

70. Defendant ELLIOTT acted to violate Plaintiff's right not to be subjected to the excessive use of force under the Eighth Amendment to the United States Constitution. These violations were of the type and character as to which any reasonable person would be aware.

71. Defendants ELIOTT and SHERIFF are liable, jointly and severally, to Plaintiff, for their conduct, individually and in concert, in violating Plaintiff's rights under the Eighth Amendment to the U.S. Constitution.

72. Defendant ELLIOTT misused it's power, possessed by virtue of state law and made possible only because of the authority of state law. The violation of Plaintiff's rights, as described in part above, occurred under color of state law, and is actionable under 42 U.S.C. §1983.

73. The foregoing actions of Defendant ELLIOTT was willful, wanton, and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification.

74. The use of excessive force by Defendant ELLIOTT is not part of the penalty that citizens have to pay prior to, during and/or after being charged with a juvenile or criminal offense and determines a cognizable claim in violation of the Eighth Amendment.

75. Defendant knew or should have known that his actions against Plaintiff were excessive given the clearly established law.

76. Based upon the facts presented to Defendant and the applicable law, no reasonable person, company, government agency or law enforcement agency could have concluded that there existed any reasonable cause or legal basis for being tased leading to a severe spinal injury. The law was settled and clearly established that the actions of Defendant ELLIOTT constituted excessive force under the Eighth Amendment at the time the acts were engaged in.

77. The actions or inactions of Defendant ELLIOTT, set forth in part above, constituted deliberate indifference and/or reckless disregard for Plaintiff when Defendant ELLIOTT knew of and disregarded Plaintiff's rights, and thus Defendant ELLIOTT's actions or inactions constituted the use of excessive force in violation of the Eighth Amendment.

78.     Defendant ELLIOTT was acting under color of state law at all pertinent times. His use of excessive force violated the proscription thereof set forth in the Eighth Amendment.  Defendant ELLIOTT misused his power, possessed by virtue of state law and made possible only because of the authority of state law. Defendant is a person under applicable law.

79.     The foregoing actions of Defendant was willful, wanton, and in reckless disregard of Plaintiff's rights.

80.     As a direct and proximate cause of Defendant ELLIOTT's actions, Plaintiff has been damaged, which damages include physical pain, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff under this count.  Plaintiff is entitled to awards of punitive damages against Defendant ELLIOTT under this count.

## COUNT X
## FOURTH AMENDMENT VIOLATION-EXCESSIVE FORCE
### (Against the Sheriff, in his official capacity)

81.     Plaintiff re-alleges paragraphs 1 through 14 above and incorporates those allegations in this Count.

19

82.     This count sets forth a claim against Defendant Woods for violation of the Fourth and Fourteenth Amendments of the U.S. Constitution, based on excessive force, which claims are brought through 42 U.S.C. §1983.

83.     Defendant used excessive force against Plaintiff, as set forth in part above, without justification, consent, cause, or lawful authority. Specifically, Plaintiff was not a threat to Defendant and was not actively resisting anything. His hands were in the air when he was illegally shot with a taser, which resulted in permanent and lifelong injuries. Notwithstanding the fact that Plaintiff offered no resistance and was largely complying with the Elliott's commands, he was shot with Elliott's taser resulting in serious bodily injury. Plaintiff was in need of mental health services, not to be tased when he offered no resistance and was unarmed.

84.     Defendant intended to damage Plaintiff, in that the harmful actions of his deputies were purposeful, and also in that such acts were substantially certain to result in injury and harm.

85.     The Defendant acted to violate Plaintiff's right not to be subjected to the excessive use of force under the Fourth and Fourteenth Amendments to the United States Constitution. These violations were of the type and character as to which any reasonable person would be aware.

20

86.    Defendants are liable, jointly and severally, to Plaintiff, for their conduct, individually and in concert, in violating Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

87.    Defendant misused his power, possessed by virtue of state law and made possible only because of the authority of state law.  The violation of Plaintiff's rights, as described in part above, occurred under color of state law, and is actionable under 42 U.S.C. §1983.

88.    The foregoing actions of Defendant were willful, wanton, and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification.

89.    The use of excessive force by Defendant is not part of the penalty that citizens have to pay for having a mental health crisis and being compliant with orders, which he did and was unarmed.  He was offering no resistance to anything at the time he was shot with the Taser.

90.    Defendant knew or should have known that the actions of his deputies against Plaintiff were excessive given the clearly established law.

91.    Based upon the facts presented to Defendant and the applicable law, no reasonable person, company, government agency or law enforcement agency could have concluded that there existed any reasonable cause or legal basis for the force used against Plaintiff.  The law was settled and clearly established that the actions

21

of Defendant constituted excessive force under the Fourth and Fourteenth Amendments at the time the acts were engaged in.

92.    The actions or inactions of Defendant, set forth in part above, constituted deliberate indifference and/or reckless disregard for Plaintiff's rights when Defendant knew of and disregarded Plaintiff's rights, and thus Defendant's actions or inactions constituted the use of excessive force in violation of the Fourth Amendment.

93.    Defendant was acting under color of state law at all pertinent times. The Sheriff's use of excessive force violated the proscription thereof set forth in the Fourth Amendment. Defendant misused the power of his office, possessed by virtue of state law and made it possible only because of the authority of state law. Defendants are persons under applicable law.

94.    Defendant Sheriff was the final policymaker for his office.  The Sheriff was deliberately indifferent in failing to train Elliott in (1) the proper use of force and (2) when deputies should contact the Defendant's mental health unit/Crisis Intervention Team, when it was clear that a citizen, like Plaintiff, was having a mental health crisis.  Instead, he ratified Elliott's conduct, finding that it met the Defendant's standards.  No discipline was imposed on Elliott or the other deputies for their misconduct thus supporting Plaintiff's claim that the Defendant Sheriff ratified their misconduct.

95. Defendant Sheriff was deliberately indifferent to his employees' actions which allowed a custom and practice of excessive force against persons such as Plaintiff.

96. Defendant Sheriff failed to adequately train the deputies engaged in the excessive force and condoned their actions afterward.

97. The foregoing actions of Defendants were willful, wanton, and in reckless disregard of Plaintiff's rights.

98. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include physical pain, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff under this count.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants'

obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)   enter judgment against Defendants and for Plaintiff awarding damages to Plaintiff from Defendants for Defendants' violations of law enumerated herein;

(d)   enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of the state and federal laws enumerated herein;

(e)   enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)   grant such other further relief as being just and proper under the circumstances.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demand a trial by jury on all issues set forth herein which are so triable.

Dated this 23rd day of July, 2025.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com
discovery@mattoxlaw.com


ATTORNEYS FOR PLAINTIFF

25